JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

AMANDA COLON

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JONETTE WARREN, AND JOHN DOE #1-2

Defendants.

------------------------------------------------------------ x

**13 CV 0798**

**COMPLAINT AND
JURY DEMAND**

ECF CASE

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.     The claims arise from a April 17, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest, and excessive force.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.     This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Southern District of New York.

## PARTIES

7.    Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8.    The City of New York is a municipal corporation organized under the laws of the State of New York.

9.    All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11.    Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.    On April 17, 2012, plaintiff was inside the 176th St subway station in the Bronx. She was on her way home after spending the day with family. She was with her husband and their one year old daughter. Plaintiff was also thirty two weeks pregnant.

13.    At approximately 11PM, plaintiff bought a metro card from the machine, alerted the attendant that he would need to open the gate for the stroller, and swiped her metrocard in the

turnstile.  Plaintiff's husband proceeded through the open gate with the stroller.  Plaintiff then swiped her card a second time and entered through the turnstile.

14.  Before plaintiff even caught up with her husband, a defendant officer Warren approached him and asked him if he paid for entry.  Plaintiff approached and explained that she had swiped the metrocard for her husband who had the stroller.  The officer spoke extremely rudely to plaintiff and took her metrocard out to the attendant to confirm that plaintiff had properly paid for her entry.  Plaintiff observed the attendant nod in response to the officer's questions.

15.  Plaintiff and her family continued up the stairs toward the subway platform.  The female officer followed plaintiff up the stairs and continued to verbally assault her.  Horrified by the unwarranted and rude behavior of the officer, plaintiff asked for her badge.  The officer shoved her badge in plaintiff's face.  As plaintiff tried to continue up the stairs, the officer blocked her with her arm and then grabbed plaintiff by the back of her neck and pulled her back down the stairs.

16.  Eventually, other officers arrived at the scene and plaintiff and her husband explained what had happened.  Despite having done nothing wrong, plaintiff was issued a ticket for disorderly conduct.  That ticket was dismissed and sealed because the officer failed to file an acceptable accusatory instrument.

17.  As a result of the officer's actions, plaintiff suffered severe abdominal cramps and early contractions.  She received treatment for the pain and was placed on a baby monitor for several hours at St. Luke's Roosevelt Hospital.

18.  At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.  The individual

officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

19.    During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

20.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.    Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b.    Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.    Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.    Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.    Loss of liberty;

g.    Physical pain and suffering.

4

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

21.   The above paragraphs are here incorporated by reference.

22.   Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

23.   Defendants falsely arrested plaintiff, used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

24.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

25.   The above paragraphs are here incorporated by reference.

26.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

27.   The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

28.   The aforesaid event was not an isolated incident.  The City has been aware for some

time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

29.    For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

30.    The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police

commissioner still maintains the power to reduce the discipline against such an officer.

31.    Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.   Without this notification, improper search and seizure practices and incredible testimony go uncorrected.   Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.   Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

32.    The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.   Despite such notice, the City has failed to take corrective action.   This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.   Furthermore, although the City has been on notice, through plaintiff's complaints to the CCRB from the first day of the incidents complained of, the City has failed to remedy the wrong.

33.    Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

### THIRD CAUSE OF ACTION
(ASSAULT)

34.    The above paragraphs are here incorporated by reference.

35.    Defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and offensive touching.

36.    Plaintiff was damaged by defendants' assault.

## FOURTH CAUSE OF ACTION
(BATTERY)

37. The above paragraphs are here incorporated by reference.

38. Defendants engaged in and subjected plaintiff to immediate harmful and offensive touching and battered her.

39. Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

40. The above paragraphs are here incorporated by reference.

41. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

42. Defendants intended to confine plaintiff.

43. Plaintiff was conscious of the confinement and did not consent to it.

44. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

45. All preceding paragraphs are here incorporated by reference.

46. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

47. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

48.  The preceding paragraphs are here incorporated by reference.

49.  Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

50.  As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## EIGHTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

49.  The above paragraphs are here incorporated by reference.

50.  Defendant officers had a bad disposition and the City knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

51.  Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injuries.

52.  Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force and to make false arrests.

53.  The injuries to plaintiff were caused by the officers' foreseeable use of excessive force.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
          January 30, 2013

TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY 10007

       Police Officer Jonette Warren
       Transit District 11
       161st St. & River Ave.
       Bronx, NY

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina
Attorney for Plaintiff
475 Atlantic Ave.
Brooklyn, NY 11217
(718) 852-3710 x103